**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robbins Lee MITCHELL,**
**Defendant–Appellant.**

**No. 01–6332.**

United States Court of Appeals,
Sixth Circuit.

Feb. 26, 2003.

Before SILER and ROGERS, Circuit Judges; and GWIN, District Judge.*

PER CURIAM.

Defendant Robbins Lee Mitchell appeals his sentence of 18 months imprisonment following his guilty plea to making threats against a member of the immediate family of Vice President Albert Gore, Jr., in violation of 18 U.S.C. § 879(a)(2). Mitchell has already served his sentence of incarceration and is currently on the final six weeks of his remaining supervised release. For reasons stated herein, we affirm the sentence of the district court.

### FACTS

After the November 2000 presidential election. Vice President Albert Gore, Jr. challenged the results of the election in Florida, which had declared George W. Bush the winner by a small margin. Against this backdrop, Mitchell placed four phone calls between November 9–14, 2002,

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

to retired Judge Whit LaFon, an uncle of Gore. The calls were all recorded.

The only issue on appeal is whether the court should have enhanced Mitchell's sentence pursuant to USSG § 2A6.1(b)(2) because the instant offense involved more than two threats. At sentencing, the district court set the base offense level at 12, pursuant to USSG § 2A6.1, the level assigned for making a threatening or harassing communication. The court increased the offense level by three pursuant to USSG § 3A1.2 because the victim was a family member of a government officer and the offense of conviction was motivated by such status. The court also reduced the offense level by three for acceptance of responsibility. The resulting total offense level was 14. With a criminal history category of I, Mitchell faced a sentence of 15–21 months and received a sentence of 18 months. Without the two-level enhancement for making more than two threats, Mitchell's sentencing range would have been between 10–16 months.

### STANDARD OF REVIEW

A district court's legal conclusions regarding the application of the sentencing guidelines are reviewed *de novo,* and its factual findings are reviewed for clear error. *United States v. Newell,* 309 F.3d 396, 400 (6th Cir.2002). The determination that a defendant made more than two threats is a factual finding subject to the clear error standard of review.

### ANALYSIS

A "communication containing a threat" is one where "a reasonable person (1) would take the statement as a serious expression of an intention to inflict bodily harm (the mens rea), and (2) would perceive such expression as being communicated to effect some change or achieve some goal through intimidation (the actus

reus)." *United States v. Alkhabaz,* 104 F.3d 1492, 1495 (6th Cir.1997).

Mitchell admits that the first call made to LaFon was threatening, but he denies that any of the remaining calls was threatening. Without relating herein the language of the last three threatening calls, we find that the district court correctly decided that at least three of the calls were threatening. In the application notes following this guideline provision, the Sentencing Commission related that "this offense includes a particularly wide range of conduct and ... it is not possible to include all of the potentially relevant circumstances in the offense level," and "in determining whether subsections (b)(1), (b)(2), or (b)(3) apply, the court shall consider conduct that occurred prior to the offense and conduct that occurred during the offense." USSG § 2A6.1, comment. (n.1 & n.3). The district court properly considered the cumulative impact the successive communications had on the victim. It had the full benefit of being able to listen to the recordings and consider the tone of voice used by Mitchell in his calls. The district court did not commit clear error when it found that the multiple messages Mitchell left on the answering machine of Judge LaFon involved more than two threats.

AFFIRMED.